Angela HILL, Plaintiff,

v.

CITY OF ATLANTA, et al., Defendant.

Civ. A. No. C81–513A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 8, 1981.

Irwin M. Ellerin, Howard J. Manchel, Atlanta, Ga., for plaintiff.

Marva Jones Brooks, Alford J. Dempsey, Jr., Flora B. Devine, Atlanta, Ga., for defendants.

## ORDER

MOYE, Chief Judge.

■ Two motions to dismiss have been filed in the above-styled matter, one by defendants the City of Atlanta, Lee P. Brown, George Napper, and Mayor Maynard Jackson, and another by defendants Jones and Weber. The motion by defendants Jones and Weber was based on insufficient service of process and is now moot as process has since been re-served and no renewal of the motion to dismiss by defendants Jones and Weber has been filed; consequently the motion by Jones and Weber is DENIED as moot. The motion to dismiss by the remaining defendants, named above, remains for consideration by the Court on its merits.

Defendants the City of Atlanta, Lee P. Brown, George Napper, and Maynard Jackson (hereinafter "the City defendants") have moved to dismiss plaintiff's claims against them for failure to state a claim upon which relief may be granted.

The complaint alleges that plaintiff Hill, a black female resident of East Point, Georgia, was a tenant of the Desert Village Apartments in East Point, Georgia on or about April 11, 1980, the same date on which defendant Jones, a sergeant in the City of Atlanta Police Department, applied to the Municipal Court of Atlanta for a search warrant for plaintiff's premises. Defendant Jones' affidavit in support of said warrant allegedly swore that one "Slim" was using said premises for the purposes of selling, storing, and concealing cocaine and marijuana and that said information was supplied to him by a confidential and reliable informant. It is alleged that the Municipal Court issued the warrant sought by Jones and that Jones failed to make any further attempts to verify the authenticity of the information received from the informant. Plaintiff alleges further that the Municipal Court of Atlanta was without jurisdiction to issue a search warrant for plaintiff's residence in the City of East Point under the terms of the Charter of the City of Atlanta, Section 4–102.

■ Under the scenario painted by plaintiff's complaint, defendant Jones and Weber, another Atlanta police officer, entered plaintiff's house pursuant to the warrant, breaking down her front door, scattering her personal belongings, and accusing her of engaging in some form of illegal activity. During the search, plaintiff protested that the officers were searching the wrong apartment, a fact the officers now admit as true. No claim for damages has been made against either officer in the complaint, however, as the complaint alleges that the alleged violations of plaintiff's rights were all caused by the City defendants. *See* Complaint, ¶¶ 32 and 38. The plaintiff's allegation in paragraph 26 of the complaint that defendants Jones and Weber were either intentionally or grossly negligent is insufficient to state a claim against them in view of the fact that the two paragraphs of the complaint naming allegedly liable parties who caused plaintiff harm, ¶¶ 32 and 38, name only the City defendants. The prayer for relief against *all* defendants fails to cure this defect, as a prayer for relief does not constitute adequate grounds for stating a cause of action. The plaintiff may amend her complaint within ten (10) days of the

filing of this order to specify the legal theory upon which she seeks judgment against defendants Jones and Weber.

Plaintiff's claims against the City defendants whose motion to dismiss the Court now considers, are as follows:

27.

That the actions of Defendants Jones and Weber resulted from and were taken pursuant to a de facto policy of the City of Atlanta, which is implemented by police officers of said city, to summarily apply for and execute search warrants without adequate investigation as to probable cause for issuance of said warrants.

28.

The existence of said de facto policy described above has been known to defendants Napper, Director of the Atlanta Bureau of Police Services; Brown, Commissioner of the Atlanta Department of Public Safety; and Mayor Jackson.

29.

Despite their knowledge of said illegal policies and practices, Defendant Napper, Brown and Jackson of said Department, Bureau, and City as a matter of policy have not taken steps to terminate such policies and practices, have not disciplined or otherwise properly supervised the individual officers who engaged in said practices, have not effectively trained police officers with regard to the proper constitutional and statutory limits on the exercise of their authority and have instead sanctioned the policy and practices described above through deliberate indifference to the effect of the said policy and practices upon the constitutional rights of the residents of the City of Atlanta.

30.

That the acts described above constitute a violation of Plaintiff's rights secured by the First, Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31.

As a direct and proximate result of the acts described above Plaintiff has suffered invasion of her privacy, been subjected to public humiliation and grievous mental suffering and nightmares.

32.

That the Defendants City of Atlanta, Jackson, Brown and Napper having caused the violation of Plaintiff's rights, are liable under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to plaintiff for her injuries.

COUNT TWO

33.

Plaintiff realleges and specifically incorporates herein Paragraphs 1 through 32 inclusive of Count One.

34.

That during the course of the above alleged conduct, Plaintiff was restrained and deprived of her personal liberty and freedom.

35.

That said conduct constituted an arrest and seizure of Plaintiff.

36.

That said arrest was made without legal authority, warranty or probable cause and in violation of Plaintiff's rights under the Fourth Amendment.

37.

That as a direct and proximate result of the acts described above Plaintiff has suffered invasion of her privacy, been subjected to public humiliation and grievous mental suffering and nightmares.

38.

That Defendants City of Atlanta, Jackson, Brown and Napper, having caused

the violation of Plaintiff's rights, is liable under 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments to Plaintiff for her injuries.

The City defendants argue that the plaintiff's complaint fails to state a claim against them inasmuch as no knowledge of or active participation on their part in the alleged unlawful incident is alleged and the plaintiff has not alleged the specific overt acts that allegedly serve as the basis for the claim that a pattern of unconstitutional actions exists which these defendants knew of and encouraged by their inaction. Defendants contend that the plaintiff has specifically alleged, at best, one isolated incident of a constitutional violation which allegedly was perpetrated upon her by defendant police officers Jones and Weber. The only nexus between the City defendants with regard to the alleged constitutional deprivation, it is argued, is the plaintiff's general allegation that the City's policies and practices, with respect to the obtaining of warrants and their execution, caused said constitutional deprivation. The defendants note that the plaintiff has alleged no facts, excepting the incident giving rise to this suit, to support her general allegations that an unlawful practice or policy on the part of the City, which was condoned and encouraged by these defendants, caused her alleged constitutional deprivation.

Citing *Smith v. Ambrogio*, 456 F.Supp. 1130 (D. Conn. 1978), the City defendants argue that the pleadings herein are insufficient to state a cause of action against them under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), because it is insufficient to merely allege the manner in which the City or its officials condoned or encouraged constitutional violations without pleading in detail the specific incidents of misconduct which serve as the basis for such claim. The court in *Ambrogio* described pleading requirements for a section 1983 action against a municipality or its senior officials as follows:

"At a minimum the pleader must specify the overt acts relied upon as a basis for

the claim that a pattern of unconstitutional actions exists and that the senior officials of the town knew of the unconstitutional actions and encouraged their repetition by inaction.

The standard for municipal liability predicated on inaction of senior personnel must be frankly acknowledged as difficult to meet. A claim of this sort should not be initiated unless there is a sufficient factual basis to justify the extensive litigation that such a claim entails. The typical § 1983 suit against a police officer for his allegedly unconstitutional action generally involves a single episode. Discovery and trial are entirely manageable. But a claim of municipal liability based on an alleged policy reflected by a pattern of prior episodes will inevitably risk placing an entire police department on trial. Sweeping discovery will be sought to un-earth episodes in which allegedly similar unconstitutional actions have been taken, and the trial will then require litigation of every episode occurring in the community that counsel believes can be shown to involve a similar constitutional violation. Even if a trial of that scope is warranted by a complaint that does allege overt acts with requisite particularity, see *Lewis v. Kugler, supra*, 446 F.2d [1343] at 1345 (complaint contained 'detailed factual recitations relating to 25 separate incidents'), neither a federal court nor a municipality should be burdened with such an action unless a detailed pleading is presented.

The complaint in this case sets forth no facts whatever except those concerning the incident in which plaintiff alleges his rights were violated. There are no facts supporting the allegations that action of the Town is involved. The complaint refers to conduct of 'the Town of Hamden and its agents,' without specifying the identity or level of decision-making of the agents whose actions are deemed to reflect the policy of the Town. The complaint alleges that Hamden policy officers 'frequently' violated the constitutional rights of citizens, but no specific episodes are alleged. There are no facts to sup-

port the allegation that action of the Town has caused the alleged denial of constitutional rights. The claim against the Town of Hamden rests entirely on a series of conclusory allegations."

456 F.Supp. at 1137.

■ Defendants argue that since the plaintiff in this case has not set out any specific episodes of misconduct and has failed to plead any facts to support the allegation that the acts or omissions of the City defendants caused the alleged denial of plaintiff's constitutional rights, they should be dismissed as defendants.

Plaintiff, in response, argues that the courts' concern against entertaining groundless suits against municipalities and supervisory personnel under 42 U.S.C. § 1983, as found in *Ambrogio*, must be balanced against an equally legitimate concern for the preservation and vindication of plaintiff's constitutional rights. *Ambrogio*, it is argued, in effect created a judicially established addition to Rule 9 of the Federal Rules which is grossly unfair and unjust. Plaintiff contends that the specificity required in the complaint by *Ambrogio* is virtually impossible to meet at the pleadings stage in most cases because a plaintiff simply will not have the knowledge of the internal mechanisms of the defendant municipality or its supervisory personnel. Here, however, the plaintiff has not alleged a scintilla of a ground for asserting that the incident in question is more than an isolated one, or what is the form or context of the "policy" the plaintiff suspects the City of having.

In contrast to defendants' reliance on *Ambrogio*, plaintiff relies on *Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979). In *Owens* the plaintiff-prisoner brought a section 1983 claim against a county after he was beaten severely by prison officials. The district court read *Monell* to require that a violent incident such as the one alleged be part of an official policy or custom, or to be one in a series of incidents of which the county is aware for the county to be held liable. Since no such casual link was pleaded, the district court concluded that

there was no basis for county liability. 601 F.2d at 1246. The Second Circuit, reversing, found this reading of *Monell* to be too narrow and decided that plaintiff Owens should have been given the opportunity, after limited discovery, to amend his complaint to state a ground for holding the county liable. *Id.*

The Court is inclined to believe that the standard of *Ambrogio* presents a plaintiff with an all but impossible burden of proving his case prior to the period of discovery for which the Federal Rules provide. As noted in *Bell v. City of Milwaukee*, 498 F.Supp. 1339, 1344 (E.D. Wis. 1980), Fed.R.Civ.P. 8(a)(2) simply requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Except in situations of fraud, mistake, or a condition of mind, Fed.R.Civ.P. 9(b), it is not necessary to plead specific evidentiary facts in the complaint. The Court is concerned, however, that extensive discovery costs may be incurred by the City defendants and that discovery may yield nothing more than several isolated events on which plaintiff must rest his case, thus failing to meet *Monell's* requirement of "action pursuant to official municipal policy" before recovery may be had. 436 U.S. at 691, 98 S.Ct. at 2036. *Cf. Penzerro v. Marchionni*, Civil No. B–77–387 (D. Conn. April 18, 1978) (holding seven episodes in eleven years does not state a claim), *partially reprinted in Schramm v. Krischell*, 84 F.R.D. 294, 297 (D. Conn. 1979). The Court will today DENY defendants' motion to dismiss without prejudice to their refiling it after the close of discovery as a motion for summary judgment with supporting materials. *See Blanton v. Keene*, Civil Action No. C80–827A (N.D. Ga. August 12, 1981) (county's motion for summary judgment granted on basis of police training program evidenced in the record).

The discovery period in this case will commence to run upon the filing by defendants of answers which, due to the denial of their motions, are due to be served within ten (10) days of the filing of this order. Fed.R.Civ.P. 12(a). The plaintiff has noted

in her portion of the new case statement that the numbers of allowed interrogatories, requests for admission, and document production are too limiting for her case, and that appropriate motions shall be filed for excuse of the Court's limitations. The Court directs counsel for plaintiff to meet and confer in good faith with defendants' counsel pursuant to Local Rule 91.62 prior to filing said motions to determine if the quantity of said interrogatories, requests for admission, and document production may be stipulated. If an agreement is not forthcoming, the plaintiff may file the necessary motions, which filing will not stay the period of discovery during the time they are being considered by the Court. The Court will likewise consider any motions by the City defendants to ensure that they will not be put to unnecessary expense in connection with the limited discovery envisioned by the Court.

SO ORDERED, this 8th day of September, 1981.